MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MISHELLE GUTIERREZ, *individually and on*
*behalf of others similarly situated,*

*Plaintiff,*

-against-

TINA NAILS 2015, INC.  (D/B/A TINA'S
NAILS), TINA NAIL INC.  (D/B/A TINA'S
NAILS), KWANG H JHIN (A.K.A. MIKE),
and DUK SUK PAK,

*Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

     Plaintiff Mishelle Gutierrez ("Plaintiff Gutierrez" or "Ms. Gutierrez"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Tina Nails 2015, Inc. (d/b/a Tina's Nails), Tina Nail Inc. (d/b/a Tina's Nails), ("Defendant Corporations"), Kwang H Jhin (a.k.a. Mike) and  Duk Suk Pak, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**<u>NATURE OF ACTION</u>**

    1.    Plaintiff Gutierrez is a former employee of Defendants Tina Nails 2015, Inc. (d/b/a Tina's Nails), Tina Nail Inc. (d/b/a Tina's Nails), Kwang H Jhin (a.k.a. Mike), and Duk Suk Pak.

    2.    Defendants own, operate, or control a nail salon, located at 937 Southern Blvd., Bronx, NY 10459 under the name "Tina's Nails."

    3.    Upon information and belief, individual Defendants Kwang H Jhin (a.k.a. Mike) and Duk Suk Pak, serve or served as owners, managers, principals, or agents of Defendant

Corporations and, through these corporate entities, operate or operated the salon as a joint or unified enterprise.

4.    Plaintiff Gutierrez was an employee of Defendants.

5.    Plaintiff Gutierrez was employed as a manicurist, pedicurist and eyebrow waxer at the salon located at 937 Southern Blvd., Bronx, NY 10459.

6.    At all times relevant to this Complaint, Plaintiff Gutierrez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

7.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Gutierrez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Further, Defendants failed to pay Plaintiff Gutierrez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.    Defendants' conduct extended beyond Plaintiff Gutierrez to all other similarly situated employees.

10.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gutierrez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.    Plaintiff Gutierrez now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the

New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiff Gutierrez seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

13.    Further, Plaintiff Gutierrez seeks to recover back pay, compensatory and punitive damages for violations of her rights under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), the New York State Executive Law, §290 et seq. (the "Human Rights Law"), and the Administrative Code of the City of New York, §8-107 et seq. (the "City Law").

14.    Specifically, in violation of federal, state and local laws, Defendant Kwang H Jhin (a.k.a. Mike) engaged in repeated discriminatory and/or adverse employment actions against Plaintiff Gutierrez on the basis of her race and/or national origin and engaged in retaliatory acts after she submitted a series of complaints of racial and national origin discrimination. For example, Defendant Kwang H Jhin (a.k.a. Mike) made fun of her and her Colombian origin with customers, called her "Colombian crazy" and after she complained to him about his discriminatory actions, he reduced her working hours and eventually terminated her.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), § 1343, 42 U.S.C. § 1981, the FLSA, and supplemental jurisdiction over Plaintiff Gutierrez's state law claims under 28 U.S.C. § 1367(a).

16.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate a nail salon located in this district.    Further, Plaintiff Gutierrez was employed by Defendants in this district.

17.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

## PARTIES

### *Plaintiff*

18.    Plaintiff Mishelle Gutierrez ("Plaintiff Gutierrez" or "Ms. Gutierrez") is a Colombian adult individual residing in Bronx County, New York. Plaintiff Gutierrez was employed by Defendants at Tina's Nails from approximately March 19, 2016 until on or about November 21, 2017.

19.    Plaintiff Gutierrez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

20.    At all relevant times, Defendants owned, operated, or controlled a nail salon, located at 937 Southern Blvd., Bronx, NY 10459 under the name "Tina's Nails."

21.    Upon information and belief, Tina Nails 2015, Inc. (d/b/a Tina's Nails) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 937 Southern Blvd., Bronx, NY 10459.

22.    Upon information and belief, Tina Nail Inc. (d/b/a Tina's Nails) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 937 Southern Blvd., Bronx, NY 10459.

23.     Defendant Kwang H Jhin (a.k.a. Mike) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kwang H Jhin (a.k.a. Mike) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Kwang H Jhin (a.k.a. Mike) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gutierrez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Duk Suk Pak is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Duk Suk Pak is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Duk Suk Pak possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Gutierrez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

25.     Defendants operate a nail salon located in the Hunts Point neighborhood in the Bronx.

26.     Individual Defendants, Kwang H Jhin (a.k.a. Mike) and Duk Suk Pak, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiff Gutierrez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Gutierrez, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiff Gutierrez (and all similarly situated employees) and are Plaintiff Gutierrez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiff Gutierrez and/or similarly situated individuals.

31.     Upon information and belief, Individual Defendants Kwang H Jhin (a.k.a. Mike) and Duk Suk Pak operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

32.    At all relevant times, Defendants were Plaintiff Gutierrez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Gutierrez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Gutierrez's services.

33.    In each year from 2016 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the salon on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35.    Plaintiff Gutierrez is a former employee of Defendants who was employed as a manicurist, pedicurist and eyebrow waxer.

36.    Plaintiff Gutierrez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Mishelle Gutierrez*

37.     Plaintiff Gutierrez was employed by Defendants from approximately March 19, 2016 until on or about November 21, 2017.

38.     Defendants employed Plaintiff Gutierrez as a manicurist, pedicurist and eyebrow waxer.

39.     Plaintiff Gutierrez regularly handled goods in interstate commerce, such as cosmetic products and other supplies produced outside the State of New York.

40.     Plaintiff Gutierrez's work duties required neither discretion nor independent judgment.

41.     Throughout her employment with Defendants, Plaintiff Gutierrez regularly worked in excess of 40 hours per week.

42.     From approximately March 19, 2016 until on or about September 2017, Plaintiff Gutierrez worked as a manicurist, pedicurist and eyebrow waxer from approximately 9:00 a.m. until on or about 7:40 p.m. to 8:00 p.m., Mondays through Saturdays (typically 64 to 66 hours per week).

43.     From approximately September 1, 2017 until on or about September 30, 2017, Plaintiff Gutierrez worked as a manicurist, pedicurist and eyebrow waxer from approximately 9:00 a.m. until on or about 7:40 p.m. to 8:00 p.m., four days per week (typically 44 to 46 hours per week).

44.     From approximately November 1, 2017 until on or about November 21, 2017, Plaintiff Gutierrez worked as a manicurist, pedicurist and eyebrow waxer from approximately 9:00 a.m. until on or about 7:40 p.m. to 8:00 p.m., three days per week (typically 34 to 36 hours per week).

45.     Throughout her employment, Defendants paid Plaintiff Gutierrez her wages in cash.

46.     From approximately March 19, 2016 until on or about July 2017, Defendants paid Plaintiff Gutierrez $75 per day.

47.     From approximately July 2017 until on or about September 4, 2017, Defendants paid Plaintiff Gutierrez $85 per day.

48.     From approximately September 5, 2017 until on or about November 21, 2017, Defendants paid Plaintiff Gutierrez $75 per day.

49.     Plaintiff Gutierrez's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

50.     For example, Defendants required Plaintiff Gutierrez to work an additional 20 minutes past her scheduled departure time every day, and did not pay her for the additional time she worked.

51.     Defendants never granted Plaintiff Gutierrez any breaks or meal periods of any kind.

52.     Plaintiff Gutierrez was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

53.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gutierrez regarding overtime and wages under the FLSA and NYLL.

54.     Defendants did not provide Plaintiff Gutierrez an accurate statement of wages, as required by NYLL 195(3).

55.     Defendants did not give any notice to Plaintiff Gutierrez, in English and in Spanish (Plaintiff Gutierrez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56.     Defendants required Plaintiff Gutierrez to purchase "tools of the trade" with her own funds—including towels, acrylics, nail colorings, gloves and gel polish.

*Race and National Origin Discrimination –Retaliation*

57.     Throughout her employment with Defendants, and on several occasions, Defendant Kwang H Jhin (a.k.a. Mike) would constantly interrupt Plaintiff Gutierrez's conversations with the customers by telling the customer that Plaintiff Gutierrez was a "Colombian crazy" and that Colombians are happy because the country is full of drugs and drug dealers.

58.     Such comments made customers laugh but Plaintiff Gutierrez would feel humiliated.

59.     Further, Defendant Kwang H Jhin (a.k.a. Mike) made fun of Plaintiff Gutierrez because she has long fingers and would address her as "ET".

60.     On repeated occasions Defendant Kwang H Jhin (a.k.a. Mike) would tell every customer that came in the nail salon "Don't pay attention to the Colombian because she is crazy". Defendant Kwang H Jhin (a.k.a. Mike) did not use this kind of derogatory language with the Mexican or Ecuadorian employees, only against Plaintiff Gutierrez.

61.     On several occasions male street persons (vagrants) would walk into the business and get close to her and act like they were going to touch her. She would ask Defendant Kwang H Jhin (a.k.a. Mike) to allow her to close the door to prevent those vagrants from harassing her, and he would not allow her to do so and would tell her that she was not the first one who had been harassed by these "black persons from the jungle".

62.     Moreover, there were a lot of rats walking around the business. On one occasion, a rat tried to bite Plaintiff Gutierrez and she complained to Defendant Kwang H Jhin (a.k.a. Mike). He then told her not to pay attention to that because the rat was from her family.

63.     When customers became aware of the rats walking around the business, they complained many times. Thus, Plaintiff Gutierrez herself called the super and asked him to close the hole through which the rats were coming in. The super placed a piece of wood in front of the hole. When Plaintiff Gutierrez told Defendant Kwang H Jhin (a.k.a. Mike) about the situation with the rats and the fact that the customers were complaining about the rats, the smell of the place, the flies and roaches in the business, he told her that it was none of her business and that she should stay out of it because she was not going to teach him how to run his business.

64.     Defendant Kwang H Jhin (a.k.a. Mike) did not allow Plaintiff Gutierrez to eat lunch because he felt that the business would lose clients if she did not take care of them immediately.

65.     There were times when the owner would make the nails to some clients. On that occasions, he would tell these customers in English negative comments about her. For example, he would tell the customer that she was a crazy Colombian and that in Colombia she was fed drugs in her bottle as a baby.

66.     On or about September 2017, Plaintiff Gutierrez informed Defendant Kwang H Jhin (a.k.a. Mike) that she needed some time off because she had to renew her permanent residence, and Defendant Kwang H Jhin (a.k.a. Mike) started taking negative actions against her. For example, Defendant Kwang H Jhin (a.k.a. Mike) reduced her days of work from 6 days to 4 days after labor law and from 4 to 3 days on or about October 2017.

67.     In fact, whenever Plaintiff Gutierrez mentioned her immigration process, Defendant Kwang H Jhin (a.k.a. Mike) would question her as to the fact that it was unnecessary to get her "papers" because she was in the jungle of the Bronx where everybody is illegal and she should thus stay illegal.

68.     Defendant Kwang H Jhin (a.k.a. Mike) reduced Plaintiff Gutierrez's daily pay from

$85 to $75 after Labor Day 2017 and fired her on the day she went to get her immigration documents completed. He told her to take the next day off and the day after that he sent her a message telling her to go pick up her tools and materials.

69.    When Plaintiff Gutierrez went to pick up her items, Defendant Kwang H Jhin (a.k.a. Mike) had put them in garbage bags and had thrown away her acrylics and her nail polishes were open and had spilled.

70.    Plaintiff Gutierrez was constantly a victim of unwelcomed and humiliating conduct and comments that explicitly affected her well-being and employment, and made her extremel uncomfortable.

71.    Defendant Kwang H Jhin (a.k.a. Mike)'s constant abusive, harassing, offending and humiliating mistreatment caused Plaintiff Gutierrez serious mental and emotional distress.

*Defendants' General Employment Practices*

72.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gutierrez (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage, overtime compensation and spread of hours pay, as required by federal and state laws.

73.    Plaintiff Gutierrez was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

74.    Defendants' pay practices resulted in Plaintiff Gutierrez not receiving payment for all her hours worked, and resulting in Plaintiff Gutierrez's effective rate of pay falling below the required minimum wage rate.

75.     Defendants habitually required Plaintiff Gutierrez to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

76.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

77.     Plaintiff Gutierrez was paid her wages in cash.

78.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

79.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Gutierrez (and similarly situated individuals) worked, and to avoid paying Plaintiff Gutierrez properly for her full hours worked.

80.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

81.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Gutierrez and other similarly situated former workers.

82.     Defendants failed to provide Plaintiff  Gutierrez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of

pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

83.    Defendants failed to provide Plaintiff Gutierrez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

84.     Plaintiff Gutierrez brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

85.    At all relevant times, Plaintiff Gutierrez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

86.     The claims of Plaintiff Gutierrez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

87.     Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

88.     At all times relevant to this action, Defendants were Plaintiff Gutierrez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Gutierrez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

89.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

90.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

91.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Gutierrez (and the FLSA Class members) at the applicable minimum hourly rate.

92.     Defendants' failure to pay Plaintiff Gutierrez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

93.     Plaintiff Gutierrez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

94.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

95.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Gutierrez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

96.    Defendants' failure to pay Plaintiff Gutierrez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

97.    Plaintiff Gutierrez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

98.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

99.    At all times relevant to this action, Defendants were Plaintiff Gutierrez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Gutierrez, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

100.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Gutierrez less than the minimum wage.

101.    Defendants' failure to pay Plaintiff Gutierrez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

102.    Plaintiff Gutierrez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

103.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

104.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Gutierrez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

105.    Defendants' failure to pay Plaintiff Gutierrez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

106.    Plaintiff Gutierrez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

107.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

108.    Defendants failed to pay Plaintiff Gutierrez (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Gutierrez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

109.    Defendants' failure to pay Plaintiff Gutierrez (and the FLSA class members') an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

110.    Plaintiff Gutierrez (and the FLSA class members) were was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

111.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

112.    Defendants failed to provide Plaintiff Gutierrez with a written notice, in English and in Spanish (Plaintiff Gutierrez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

113.    Defendants are liable to Plaintiff Gutierrez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

114.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

115.    With each payment of wages, Defendants failed to provide Plaintiff Gutierrez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

116.    Defendants are liable to Plaintiff Gutierrez in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

117.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

118.    Defendants required Plaintiff Gutierrez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

119.    Plaintiff Gutierrez was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1866

120.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth

herein.

121.    At all times material herein, Defendants are an employer within the meaning of Section 1981of the Civil Rights Act of 1866 (42 U.S.C. ss.1981).

122.    On numerous occasions, Defendants wrongfully discriminated against Plaintiff Gutierrez because of her race and/or national origin, contrary to section 1981 of the Civil Rights Act of 1866

123.    In discriminating against Plaintiff Gutierrez because of her race and national origin, Defendants and their agents and employees knew and acted in deliberate disregard of Plaintiff Gutierrez's lawful civil rights

124.    As a result of Defendant's Discriminatory acts, Plaintiff Gutierrez has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other reemployment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress, and humiliation.

125.    The acts and omissions alleged herein were reckless, malicious, and made with callous disregard and deliberate indifference to Plaintiff Gutierrez's rights.

126.    Plaintiff Gutierrez has been damaged in an amount to be determined at trial.

### TENTH CAUSE OF ACTION

### VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

127.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

128.    Defendants are an employer within the meaning of the New York State Human Rights Law, N.Y. Exec. L. § 296.

129.    Defendants wrongfully discriminated against Plaintiff Gutierrez because of her race and/or national origin, contrary to the New York state Human Rights Law, N.Y. Exec. L. § 296.

130.    In discriminating against Plaintiff Gutierrez because of her race and/or national origin, Defendants and their agents and employees knew and acted in deliberate disregard of Plaintiff Gutierrez's lawful civil rights.

131.    As a result of Defendant Kwang H Jhin (a.k.a. Mike)'s discriminatory acts, Plaintiff Gutierrez has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other reemployment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress, and humiliation.

132.    The acts and omissions alleged herein were reckless, malicious, and made with callous disregard and deliberate indifference to Plaintiff Gutierrez's rights.

133.    Plaintiff Gutierrez has been damaged in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

134.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

135.    Prior to filing this Complaint, Plaintiff Gutierrez served a copy of this Complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York in accordance with N.Y.C. Admin. Code § 8-502(c).

136.    At all times material herein, Defendants are employers within the meaning of the New York City Human Rights Law, N.Y.C.A.C. § 8-107.

137.    Defendants wrongfully discriminated against Plaintiff Gutierrez because of her race and/or national origin , contrary to the New York City Human Rights Law, N.Y.C.A.C. § 8-107.

138.    In discriminating against Plaintiff Gutierrez because of her race and/or national origin, Defendants and their agents and employees knew and acted in deliberate disregard of Plaintiff Gutierrez's lawful civil rights.

139.    As a result of Defendant Kwang H Jhin (a.k.a. Mike's ) discriminatory acts, Plaintiff Gutierrez has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other reemployment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress, and humiliation.

140.    The acts and omissions alleged herein were reckless, malicious, and made with callous disregard and deliberate indifference to Plaintiff Gutierrez's rights.

141.    Plaintiff Gutierrez has been damaged in an amount to be determined at trial.

## TWELFTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF SECTION 1981

## OF THE CIVIL RIGHTS ACT OF 1866

142.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

143.    Section 1981 of the Civil Rights Act of 1866 prohibits employers from discriminating, or taking other adverse action against an employee because he or she has made a complaint regarding their rights.

144.    Plaintiff Gutierrez asserted her rights protected by Section 1981, complaining to Defendant Kwang H Jhin (a.k.a. Mike) about the discrimination she had been a victim of on the basis of her race and national origin

145.    Defendant Kwang H Jhin (a.k.a. Mike) subsequently retaliated against Plaintiff Gutierrez by taking numerous adverse employment actions against her due to her complaints, such as her discharge.

146.    Defendants violated Section 1981 of the Civil Rights Act of 1866 by retaliating against Plaintiff Gutierrez for having opposed race and /or national origin discrimination through her internal complaints, in violation of 42 U.S.C. ss.1981 (d).

147.    As a result of Defendants' retaliatory acts, Plaintiff Gutierrez has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other reemployment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress, and humiliation.

148.    Plaintiff Gutierrez has been damaged in an amount to be determined at trial.

## THIRTEENTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE

## NEW YORK STATE HUMAN RIGHTS LAW

149.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

150.    New York State Human Rights Law prohibits employers from discriminating, or taking other adverse action against an employee because he or she has made a complaint regarding their rights.

151.    On numerous occasions, Plaintiff Gutierrez opposed and complained to Defendant Kwang H Jhin (a.k.a. Mike) that he had discriminated against her on the basis of her race and/or national origin.

152.    Defendant Kwang H Jhin (a.k.a. Mike) subsequently retaliated against Plaintiff Gutierrez by taking numerous adverse employment actions against her due to her complaints.

153.    As a result of Defendant Kwang H Jhin (a.k.a. Mike)'s retaliatory acts, Plaintiff Gutierrez has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other reemployment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress, and humiliation.

154.    Defendants violated New York State Human Rights Law by retaliating against Plaintiff Gutierrez for having opposed race and /or national origin discrimination through her

internal complaints, in violation of N.Y. Exec. Law § 296(1) (e).

155.    Plaintiff Gutierrez has been damaged in an amount to be determined at trial.

## FOURTEENTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE

### NEW YORK CITY HUMAN RIGHTS LAW

156.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

157.    New York City Human Rights Law prohibits employers from discriminating, or taking other adverse action against an employee because he or she has made a complaint regarding his/her rights.

158.    On numerous occasions, Plaintiff Gutierrez opposed and complained to Defendant Kwang H Jhin (a.k.a. Mike) that he had discriminated against her on the basis of her race and/or national origin.

159.    Defendant Kwang H Jhin (a.k.a. Mike) subsequently retaliated against Plaintiff Gutierrez by taking numerous adverse employment actions against her due to her complaints.

160.    As a result of Defendant Kwang H Jhin (a.k.a. Mike)'s retaliatory acts, Plaintiff Gutierrez has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other reemployment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress, and humiliation.

161.    Defendants violated New York City's Human Rights Law by retaliating against Plaintiff Gutierrez for having opposed race and /or national origin discrimination through her internal complaints, in violation of NYC Administrative Code §8-107(7).

162.    Plaintiff Gutierrez has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gutierrez respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gutierrez and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gutierrez and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Gutierrez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Gutierrez and the FLSA Class members;

(f)    Awarding Plaintiff Gutierrez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Gutierrez and the FLSA Class members liquidated damages in

an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gutierrez;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gutierrez;

(j)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Gutierrez;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Gutierrez's compensation, hours, wages and any deductions or credits taken against wages;

(l)    Awarding Plaintiff Gutierrez damages for the amount of unpaid minimum wage, overtime compensation and spread of hours pay, and for any improper deductions or credits taken against wages as applicable;

(m)    Awarding Plaintiff Gutierrez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)    Awarding Plaintiff Gutierrez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)    Awarding Plaintiff Gutierrez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Gutierrez (and the FLSA Class members) the expenses incurred in this action, including costs and attorneys' fees;

(q)      Awarding Plaintiff Gutierrez back pay, compensatory damages and all other appropriate relief under Section 1981 of the Civil Rights Act of 1866 and the NYHRL,

(r)      Awarding Plaintiff Gutierrez compensatory damages, punitive damages, attorneys' fees, and all other appropriate relief under the NYCHRL ,

(s)      Making Plaintiff Gutierrez whole for all earnings she would have received but for Defendant's' discriminatory, retaliatory and unlawful treatment, including, but not limited to, wages, bonus payments, health insurance and other fringe benefits, bonuses, pension, back pay, front pay, and other lost employment benefits;

(t)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Gutierrez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       January 30, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
         Michael Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 10, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Mishelle Gutierrez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     10 de enero de 2018

*Certified as a minority-owned business in the State of New York*