**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

July 22, 2019

**VIA ECF**

Honorable Barbara Moses
U.S. Magistrate Judge
United States Court for the Southern District
of New York
500 Pearl Street, Room 740
New York, NY 10007

Re:   *Gutierrez et al. v. Tina Nails 2015, Inc. et al.*, No. 18-cv-00889

Dear Judge Moses:

This firm represents Defendant Kwang H. Jhin (a.k.a. Mike Jhin) in the above-captioned action. We write on behalf of Mr. Jhin and Plaintiff Mishelle Gutierrez to provide information relevant to the parties' consideration in reaching the settlement and to allow the Court to assess whether the proposed settlement is fair, reasonable, and adequate. The parties respectfully submit that the Settlement Agreement complies with *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), and reflects a fair, reasonable, and adequate compromise between the Plaintiff and Defendant.

**I.   Background**

Plaintiff alleges that she is a former employee of Defendant and that Defendant operated a nail salon, located at 937 Southern Blvd., Bronx, NY 10459 under the name "Tina's Nails."

On February 1, 2018, Plaintiff filed a complaint against Defendant in the United States District Court in the Southern District of New York, alleging wage violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") and N.Y. Lab. Law §§ 190 et seq. and 650 et seq. ("NYLL"), as well as discrimination and retaliation claims pursuant to Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. 1981), New York State Human Rights Law (N.Y. Exec. L. § 296), and New York City Human Rights Law (N.Y.C.A.C. § 8-107).

**II.   The Settlement Is Fair and Reasonable**

Under *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), courts consider the following factors when evaluating whether a settlement is fair and reasonable: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel';

and (5) the possibility of fraud or collusion." In light of the *Wolinsky* factors, the parties respectfully submit that the settlement in this case is fair and reasonable.

### A. Plaintiff's Range of Recovery and Litigation Risks

Plaintiff alleged that she was not paid the minimum wage and overtime wages. She also alleged that Defendant failed to compensate her for spread-of-hours pay of an additional one hour's pay at the basic minimum wage rate before allowances for each day her workday exceeded ten hours. Plaintiff also claimed that Defendant did not provide her with accurate statements of wages with each payment or with annual notices of her rates of pay. In addition, she claimed that she was required to pay expenses for purchasing and maintaining equipment required to perform her job. Plaintiff further alleged that Defendant wrongfully discriminated against her because of her race and/or national origin and retaliated against her for having opposed the discrimination. Based on the Joint Pretrial Order, Plaintiff's calculation of damages totaled $362,527

Defendant denied each of Plaintiff's claims. Defendant also argued that the Court lacks subject matter jurisdiction over this action as there is no enterprise or individual coverage under FLSA since Defendant did not have a gross volume of sales or business done of at least $500,000.00 and did not have employees engaged in interstate commerce, and thus argued that the entire action should be dismissed. Defendant also alleged that Plaintiff was paid the minimum wage and was not entitled to overtime pay. Defendant further asserted that he never wrongfully discriminated against or retaliated against Plaintiff.

Plaintiff faced the risk that the Court may determine that it lacks subject matter jurisdiction over certain claims. Additionally, Plaintiff carries the substantial risk of being unable to prove damages and/or meet her burden of proof at trial. In light of the substantial litigation risks and uncertainties, the settlement amount is fair and reasonable.

### B. Avoidance of Litigation Burdens and Expenses

With both Plaintiff and Defendant to prepare for a trial, further litigation would have resulted in both sides incurring significant fees that would possibly exceed the damages at stake, especially considering the fact that a Spanish language interpreter would be needed for Plaintiff and several of the Defendant's prospective witnesses. Moreover, another named Defendant Tina's Nails is no longer operating. Insisting on a trial would jeopardize Plaintiff's likelihood of recovery in light of the resources required to prepare the parties for trial, which threatens Defendant's ability to pay and would likely cause Defendant to file for bankruptcy.

### C. Product of Arms' Length Negotiation and the Absence of Collusion

Courts typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of the settlement. See *Torres v. Gristede's Operating Corp.*, No. 04-CV-3316 PAC, 2010 WL 5507892, at *6 (S.D.N.Y. Dec. 21, 2010), *aff'd,* 519 F. App'x 1 (2d Cir. 2013). Here, both parties were represented by experienced and competent counsel that engaged in extensive arm's length negotiations before reaching this settlement. Prior to the pretrial

conference, Plaintiff indicated that she did not intend to take this case to trial and wished to engage in settlement negotiations. Plaintiff's initial demand was $20,000, but was then lowered to $10,000. Defendant replied with an offer of $1,000, to which Plaintiff countered $4,000. Over the following days, the parties were able to agree upon $3,000, to be paid in installments over the course of nine months.

For the reasons outlined above, the settlement reached in this matter is fair and reasonable to both parties. Continuing through trial would have consumed significant time and resources, including substantial judicial resources.

Respectfully submitted,

Frank C. Calvosa
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue
New York, NY 10010
Tel: (212) 849-7000
frankcalvosa@quinnemanuel.com