```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/9/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MISHELLE GUTIERREZ,

    Plaintiffs,

-against-

KWANG H. JHIN,

    Defendant.

18-CV-00889 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

The Court has received and reviewed the parties' joint letter dated July 22, 2019 (Dkt. No. 74) seeking approval of their proposed settlement agreement (Agreement) (Dkt. No. 74-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).[1] For the reasons that follow, the Agreement will be approved with the exception of certain invalid or unenforceable provisions, which must be severed.

## Terms

The Agreement requires defendant Kwang H. Jhin to pay $3,000, in nine monthly installments, in full settlement of plaintiff's claims for violation of the Fair Labor Standards Act (FLSA) and the New York Labor Law, as well as related claims brought under various federal, state, and local employment discrimination laws. Ag. ¶ I. Jhin has also signed a confession of judgment, in a form suitable for filing in New York State Supreme Court, in the amount of $3,000 "less any payments previously received" pursuant to the Agreement. *Id.* ¶ I(A)(3)(a); *id.* Ex. B. The confession will be held in escrow by plaintiff's counsel as security for the installment payments. *Id.* ¶ I(A)(3)(a).

---

[1] Two other defendants originally named in the Complaint, Tina Nails 2015, Inc. and Tina Nail Inc., never answered or otherwise appeared in this action, and are not signatories to the Agreement.

There is no provision in the Agreement, and no request in the joint letter, for any award of fees or expenses to plaintiff's counsel.

The Agreement includes bilateral but asymmetrical releases. Plaintiff will release defendant Jhin, along with "his heirs, successors, current and former agents, representatives, attorneys, assigns, executors, beneficiaries, and administrators," from any and all claims, "known and unknown, suspected or unsuspected, asserted or unasserted," relating to "any facts, acts, transactions, occurrences, events, or omissions occurring prior to the date of Plaintiff's execution of this Agreement." Ag. ¶ II (A). Defendant will release plaintiff Gutierrez (there is no mention of her heirs or others) from "any and all known claims[ ] and liabilities of any kind that he has, had, or claimed to have against Plaintiff regarding events that have occurred as of the Effective Date of this Agreement." *Id.* ¶ II (B).

The Agreement contains a confidentiality clause, which acknowledges that the document "is being filed with the Court" but nonetheless requires that its terms "be kept and remain strictly confidential." Ag. ¶ IV(H).

The parties have agreed that this Court "will retain jurisdiction" for the purpose of enforcing the Agreement. Ag. ¶ IV(B). In addition, they have agreed that "[i]f any provision [of the Agreement] is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding." *Id.* ¶ IV(D).

## Analysis

After careful review, the Court finds that the economic terms of the settlement are fair and reasonable. Although the settlement payment is modest, so was the nail salon – now defunct – at which plaintiff worked. Plaintiff faced a significant risk that her FLSA claims would be dismissed for failure to establish that her employer had annual sales of $500,000 or more, *see* 29 U.S.C.

§ 203(s)(1), as well as the related risk that any judgment she obtained would be uncollectable. Moreover, as late as the final pretrial conference, it was evident to this Court that plaintiff and her counsel were struggling to fill various gaps in the evidence that could have made trial particularly challenging for her. The fact that plaintiff will receive 100% of the settlement proceeds, rather than paying a portion to her counsel, buttresses the Court's conclusion that, under the circumstances, the economics of the settlement are fair.

However, the Court cannot approve the releases as written, nor the confidentiality provision, and declines to retain jurisdiction for enforcement purposes.

"This Court has previously held that broad, general releases may be permissible in non-class FLSA cases if, among other things, the plaintiffs no longer work for the defendants and the releases are mutual." *Garcia v. Good for Life by 81, Inc.*, 2018 WL 3559171, at *3 (S.D.N.Y. July 12, 2018) (collecting cases). In this case, however, as in *Good for Life*, "the parties' releases are not mutual in terms of their breadth or extent." *Id.* at *4. Consequently, I conclude that plaintiff's release to defendant, *see* Ag. ¶ IV(D), is invalid and unenforceable to the extent it is broader than defendant's release to plaintiff. The first paragraph of Ag. ¶ II(A) is therefore deemed to read as follows:

> Plaintiff releases and discharges Defendant of and from any and all known claims and liabilities of any kind that she has, had, or claimed to have against Defendant regarding events that have occurred as of the effective date of this Agreement.

The second paragraph of Ag. ¶ II(A), which is specific to wage and hour claims, may remain as written.

Confidentiality provisions in FLSA settlements are generally impermissible as contrary to public policy. *See, e.g., Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 345 (S.D.N.Y. 2016) (collecting cases); *Lopez v. Ploy Dee, Inc.*, 2016 WL 1626631, at *3 (S.D.N.Y. Apr. 21, 2016). Here, the parties provide no justification for the confidentiality provision in Ag. ¶ IV(H), much

less the "compelling justification" required to justify such a provision in this Circuit. *See Garcia v. Jambox, Inc.*, 2015 WL 2359502, at *5 (S.D.N.Y. Apr. 27, 2015) ("the court should not approve a confidentiality provision absent compelling justification"). The mere act of filing a settlement agreement on the public docket of a federal district court – which the parties here acknowledge – will not save an otherwise-objectionable confidentiality clause. *See Flood v. Carlson Restaurants Inc.*, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015) ("Non-disclosure provisions in FLSA agreements, even when the settlement papers are publicly available on the Court's docket . . . undermine one of the FLSA's primary goals: to ensure that all workers are aware of their rights.") (internal quotation marks omitted). Consequently, Ag. ¶ IV(H) must be severed.

The decision whether to retain jurisdiction over a case for enforcement purposes is discretionary with the district court. *See Massi v. 198 Chelsea Corp.*, 217 F. Supp. 3d 731, 733 (S.D.N.Y. 2016) (collecting cases); *Cross Media Mktg. Corp. v. Budget Mktg., Inc.*, 319 F. Supp. 2d 482, 483 (S.D.N.Y. 2004) ("A district court is not obliged to retain jurisdiction to enforce a settlement simply because parties may wish it to do so."). In this case, absent retained jurisdiction, pthere would be no basis for this Court to exercise subject matter jurisdiction over an action to enforce the Agreement. The parties are free, however, to litigate any enforcement claims in state court, and apparently already contemplate utilizing that forum for any confession of judgment proceedings. This Court therefore concludes that the lack of a federal forum will not impose any undue hardship, and declines to retain jurisdiction.

## Conclusion

For the reasons set forth above, the Court finds that the parties' settlement is fair and reasonable except for the confidentiality provision in ¶ IV(H); portions of plaintiff's release to defendant in ¶ II(A), as described in more detail above; and the jurisdiction retention provision in

¶ IV(B). These provisions are either invalid or unenforceable and are therefore severed pursuant to ¶ IV(D). In all other respects the Agreement is APPROVED, and this action is DISMISSED.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
September 9, 2019

SO ORDERED.

BARBARA MOSES
United States Magistrate Judge